## FRANCIS TUTTLE *versus* JAMES BROWN.

The demandant having purchased at a sale on execution, the right in equity of re
   deeming a parcel of land, afterwards took an assignment of the mortgage, (which
   mortgage and assignment were duly recorded,) and then, before the mortgager's
   right to redeem from the sale on execution had expired, brought a writ of entry on
   the mortgage to recover possession of the land. It was *held*, that without an actual
   entry by the demandant or the mortgagee, the demandant had a seisin which would
   support the action.
*Held* also, that the mortgage was not merged in consequence of he demandant's
   having purchased the equity of redemption when sold on execution.
*Held* also, that under the general issue, the tenant could not give in evidence the of
   ficer's deed to the demandant, of the equity of redemption.

T·HIS was a writ of entry, commenced November 29, 1831,
in which the demandant alleged a seisin of the demanded prem-
ises in fee and in mortgage within twenty years, and a disseisin
by the tenant. Plea, the general issue.

The demandant read in evidence a deed of mortgage from
Benjamin Wild to Theodore Reed, dated March 24, 1826,
and recorded on the same day ; an assignment of the mortgage,
by Reed to Rufus Litchfield, dated November 25, 1828, and
recorded on July 17, 1830 ; and a second assignment of the
same, by Litchfield to the demandant, dated August 30, 1831,
and recorded on October 17th, 1831. There was no evi-
dence of any actual entry upon the premises by the mortgagee
or either of the assignees of the mortgage.

The tenant gave in evidence a deed made by Moses Prich-
ard, a deputy sheriff, to the demandant, dated September 12,
1831, of all the right in equity which J. W. Tuttle and
Thomas Brown, or either of them, had, to redeem the mort-
gaged premises ; which deed recited a sale thereof to the de-
mandant on August 22, 1831, by virtue of an execution.

The demandant contended that this evidence was not ad-
missible on the part of the tenant, under the general issue.
The tenant contended that it was admissible, and that the as-
signment of the mortgage to the demandant after he had pur-
chased the equity of redemption, operated as a discharge of
the mortgage, or an extinguishment or merger of it, so that the
demandant could not maintain this action upon it, because he
could not be at the same time the mortgager and mortgagee of
the premises.

The tenant also insisted, that the assignments did not give the demandant such an actual seisin within twenty years as his writ alleged.

The tenant was the assignee of the right in equity to redeem the premises in one year from the sale on execution.

Upon this state of the evidence the cause was taken from the jury, with the assent of the parties that judgment should be entered upon nonsuit or default, according to the opinion of the whole Court.

*Stearns,* for the tenant.   To the point that the mortgage was merged or extinguished, he cited 2 Bl. Comm. 177 ; 1 Cruise's Dig. 20, 503 ; Co. Lit. 388 *b* ; 4 Dane's Abr. 292, *art.* 28 ; 15 Viner's Abr. *Merger, B, D, I* ; Bac. Abr. *Leases, R* ; 3 Preston on Convey. 43, 45, 327, 328 ; 2 Powell, (Rand's edit.) 488 *a,* note ; Woodfall's Landl. and Ten. (1st Amer. edit.) 132, 133 ; *Barker* v. *Parker,* 4 Pick. 506 ; *Wade* v. *Howard,* 6 Pick. 494 ; *Selby* v. *Alston,* 3 Ves. 339 ; *Philips* v. *Brydges,* ibid. 126 ; 2 Fonbl. Eq. 162. As to the admissibility of the evidence offered by the tenant, under the general issue, he cited Adams on Ejectment, (Amer. edit.) 286.

*Hoar* and *Keyes, contrà,* cited on this last point, *Green* v. *Kemp,* 13 Mass. R. 515 ; *Wolcott* v. *Knight,* 6 Mass. R. 418 ; *Gould* v. *Newman,* ibid. 240 ; Jackson on Real Actions, 154, 157, 158 ; Stearns on Real Actions, 233.   As to merger · they cited *Dexter* v. *Harris,* 2 Mason, 531 ; *Freeman* v. *Paul,* 3 Greenl. 260 ; *Gibson* v. *Crehore,* 3 Pick. 482 ; *James* v. *Morey,* 2 Cowen, 246, 284 ; *Sargent* v. *McFarland,* 8 Pick. 500 ; *Starr* v. *Ellis,* 6 Johns. Ch. R. 393.

PUTNAM J. delivered the opinion of the Court.   The demandant counts upon his seisin in fee and in mortgage within twenty years, and upon a disseisin by the tenant.   The action .s technically, *entry in the quibus.*

The tenant has pleaded the general issue, viz. that he did not disseise the demandant.

To prove his seisin in fee and in mortgage, the demandant read the deed of mortgage from Benjamin Weld to Theodore Reed, dated March 24. 1826, a deed of assignment by Reed

*Oct. 16th*

*April term*
1834.

<div style="margin-left:0;font-style:italic">Tuttle<br>v.<br>Brown.</div>

to Rufus Litchfield, dated November 25, 1828, and a deed of assignment by Litchfield to the demandant, dated August 30, 1831. These deeds were read in evidence without any objection. But no evidence was offered of any actual entry by the mortgagee, or by the subsequent assignees ; and the tenant contends that evidence of such an actual entry is necessary, to enable the demandant to recover.

It is not suggested that the mortgager was not seised when he made his mortgage deed, which was duly executed and recorded. By operation of law, the mortgagee became seised to all intents and purposes, as if the mortgager had given livery and seisin in fact. And so by the operation of the law the assignees, in virtue of the deeds of assignment, became seised of the estate and rights of the mortgagee, there being no evidence of any disseisin made by any person, which would prevent the legal operation of the deeds of assignment.

We think it clear that the evidence so produced by the demandant is sufficient in law to maintain his seisin in fee and in mortgage, according to his allegation in his writ. For if the mortgager should remain in possession it would not be a disseisin of the mortgagee. He might convey the estate to a third person, who would thereupon become seised of the legal estate in the lands, subject to the condition in the mortgage. *Gould* v. *Newman*, 6 Mass. R. 241.

The action was commenced in November next after the assignment of the mortgage to the demandant.

It is for the tenant then to disprove the demandant's seisin, as alleged, or to show that his entry upon the demandant was by judgment of law or other lawful title. The latter alternative he does not attempt to prove.

The tenant has no evidence of right or title ; but to disprove the seisin of the demandant, he offers a deed of assignment made by one Moses Prichard, a deputy sheriff, to the demandant, dated September 12, 1831, of the right in equity of redemption which one Thomas Brown had in the premises, and contends, that as the demandant acquired the rights of the mortgagee, after he had acquired the right in equity to redeem, he became seised of the whole estate in fee, and the mortgage was extinguished.

And two questions are made ; 1. Whether such deed is admissible under the general issue ; and 2. If it is, whether it disproves the alleged seisin in fee and in mortgage.

As to the first question, can this evidence be received under the general issue. The deed purports to have been made by a deputy sheriff under and in virtue of the statute relating to the sale of the right in equity of debtors to redeem mortgaged estates.

It is clear to us that this should have been specially pleaded. For it may be that the requisitions of the law were not complied with by the officer in making the sale ; and if so, the demandant should have had an opportunity of replying that nothing passed by the deed, by reason of such omission or act of the deputy sheriff as would have avoided it, or that it was never delivered, &c. The rejoinder might have been a denial of the facts set forth in the replication, or the tenant might have demurred to the replication ; and in the latter case the court, and not the jury, would have decided the matter. It does not *necessarily* follow, that because such a deed is produced, the demandant became seised of the right in equity to redeem the estate.

But if it were admissible under the general issue, and there were no legal defects in the proceeding, we are all clearly of opinion that there was no merger, so as to give the demandant the absolute estate in fee simple. For the debtor had by law a right to redeem the right in equity so sold and conveyed by the deputy sheriff, within one year from the sale, so that when the demandant commenced his action *it could not be legally said, that he had the whole estate.* He still continued to be seised only in fee and in mortgage, and the evidence, if admitted, had no tendency to disprove that allegation, inasmuch as the debtor at that time had the right to defeat the title which could pass to the demandant under the sheriff's sale.

The consequence is, that the demandant is entitled to his judgment, which must follow his declaration, as upon a mortgage.